IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JULIUS TURNER,  :   | PRISONER CIVIL RIGHTS |
| Plaintiff,  :   | 42 U.S.C. § 1983 |
| : | |
| v.  :   | CIVIL ACTION NO. |
| :   | 1:05-CV-3070-MHS |
| GEORGE HERRON and JOHN  :   | |
| DOES, MEDICAL DOCTORS,  :   | |
| Defendants.  :   | |

## ORDER

Plaintiff has submitted the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.   The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.), cert. denied, 510 U.S. 893 (1993). A complaint may be dismissed for failure to state a claim when it

AO 72A
(Rev.8/82)

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992) ("In pleading a Section 1983 action, some factual detail is necessary . . .").

II. Discussion

Since April of 2005, according to Plaintiff, he has suffered from a tumor in his leg. (Doc. 1 at ¶ IV). On July 20, 2005, medical staff at Grady Memorial Hospital ("Grady") took an MRI of Plaintiff's leg. (Id.). Allegedly, unnamed

2

doctors at Grady informed Plaintiff that he would have surgery immediately after the MRI because his condition was serious. (Id.). However, according to Plaintiff, "[t]he last time I went [to Grady] they said they couldn't do surgery because they didn't have the imprint of the MRI." (Id.).

Plaintiff states that he has made submitted several medical requests to Fulton County Jail officials to have the surgery. (Id.). Despite his efforts, Plaintiff states that his surgery has been repeatedly rescheduled. (Id.). Plaintiff does not state that Defendant Herron, the Medical Supervisor at the Fulton County Jail, has ignored Plaintiff's requests or failed to attempt to schedule and reschedule the surgery.

Plaintiff asks that the Fulton County Jail be responsible for all of his medical bills. (Doc. 1 at ¶ V). Plaintiff also seeks money damages and unspecified injunctive relief. (Id.).

It appears that Plaintiff is alleging that Herron and the John Doe Defendants have been deliberately indifferent to his serious medical need. In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment

3

prohibition against cruel and unusual punishment[1]. If prison officials delay or deny access to medical care or intentionally interfere with prescribed treatment, the Eighth Amendment is violated. Id. at 104. When the medical care received by a prisoner is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness," a finding of deliberate indifference is appropriate. Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986).

In order to establish deliberate indifference, a plaintiff must demonstrate that a "defendant actually knew of 'an excessive risk to inmate health or safety' and disregarded that risk." Campbell v. Sikes, 169 F.3d 1353, 1364 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause. . . ." Whitley v. Albers, 475 U.S. 312, 319 (1986).

---

[1] Because Plaintiff may be a pretrial detainee, this claim should also be analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). The analysis, however, is the same: the Estelle rule applies to pretrial detainees. See Aldridge v. Montgomery, 753 F.2d 970, 972 (11th Cir. 1985).

4

Additionally, a plaintiff must also demonstrate that a serious medical need exists. Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).

While Plaintiff's allegations suggest that he has a serious medical condition, he has not alleged facts which would indicate that Herron or any doctor at the Fulton County Jail intentionally interfered with any medical treatment. Plaintiff has not, for example, alleged that Herron was cancelling scheduled surgery or refusing to schedule the surgery. Instead, Plaintiff has only alleged that for unknown reasons his surgery has been repeatedly rescheduled.

This Court is prohibited from reading into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992); see also Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific misconduct against IRS agent). As Plaintiff has not alleged facts which, if proven,

5

would demonstrate that any named Defendant was deliberately indifferent to his serious medical need, this action should be dismissed.

III.   Conclusion

**IT IS ORDERED** that the instant pro se civil action [Doc. 1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED**, this 28 day of Feb, 2006.

_____
MARVIN H. SHOOB
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)